## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RAO S. MANDALAPU, M.D.**

|  |  |
|---|---|
| *Plaintiff* | **CIVIL ACTION** |
| v. | **CASE NO. 2:15-cv-05977-JP** |
| **TEMPLE UNIVERSITY HOSPITAL, INC., et al.** | *Document Electronically Filed* |
| *Defendants* | |

## ORDER

AND NOW, this _____ day of _____, 2017, upon

consideration of the Defendants' Motion to Quash, and the responses thereto, it is hereby

ORDERED that:

1. The Court treats Defendants' Motion to Quash as a Motion for Protective Order under FRCP 26(c) and grants the Motion. Defendants need not produce documents in their possession that would be within the scope of the subpoena on the Accreditation Council for Graduate Medical Education, as the documents are outside the temporal bounds of discovery.

2. Defendants' Motion to Quash is GRANTED, as, contrary to Rule 45, Plaintiff has failed to first seek discovery from Defendants of the same documents responsive to the subpoena on the Accreditation Council for Graduate Medical Education.

BY THE COURT:

_____
JOHN R. PADOVA
SENIOR JUDGE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RAO S. MANDALAPU, M.D.**

|  |  |
|---|---|
| *Plaintiff* | **CIVIL ACTION** |
| v. | **CASE NO. 2:15-cv-05977-JP** |
| **TEMPLE UNIVERSITY HOSPITAL, INC., et al.** | *Document Filed Electronically* |
| *Defendants* | |

## MEMORANDUM OF SUBPOENA-RESPONDENT ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION IN RESPONSE TO DEFENDANT'S MOTION TO QUASH

Plaintiff served Subpoena-Respondent Accreditation Council for Graduate Medical Education (ACGME) with an initial subpoena in this matter on or about August 14, 2017.  In response, ACGME sent plaintiff's counsel a letter of August 29, 2017.  See Exhibit 2 to the Memorandum of Law in Support of Defendants' Motion to Quash (Defendant's Memorandum).  On September 1, 2017, plaintiff withdrew the initial subpoena and replaced it with a second subpoena (providing for production in Chicago, Illinois), as to which ACGME reserved all its initially stated objections.  See, Exhibits 1, 2 and 3 to Defendant's Memorandum.  (Defendant Temple University Hospital's Exhibits 1 through 6 are, for the Court's convenience, attached to this Memorandum.)

Temple University Hospital has filed a Motion to Quash the second subpoena in this Court. This Memorandum responds to that motion and the accompanying Memorandum.

**ACGME**

ACGME is a not for profit corporation, headquartered in Chicago, Illinois, that accredits medical residency programs in the United States, including the Temple University Hospital residency program in urology.

**Requested Documents**

Documents requested by the second subpoena are:

1. Any and all the complaints, against the Temple University Hospital urology residency program and/or Dr. Jack H. Mydlo, Dr. Robert E. Greenburg, Dr. David Y.T. Chen, regarding discrimination, retaliation or harassment by any resident or participant in a residency program conducted by Temple University Hospital.

See, Exhibit 1, Defendant's Memorandum.

ACGME possesses one "complaint" responsive to the second subpoena,[1] i.e., an October 11, 2016 letter from ACGME submitting a complaint to Temple University Hospital, which complaint was based on information previously submitted to ACGME by the complainant.[2][3]

---

[1] In response to the initial subpoena, ACGME committed to producing documents that had been submitted by Dr. Mandalapu to ACGME complaining about the Temple University Hospital residency program in urology, and by ACGME to Dr. Mandalapu relating to same. See, August 29, 2017 letter to Mr. Downey, page 5 (Exhibit 2 to Defendant's Memorandum). After withdrawal of the initial subpoena and issuance of the second subpoena, ACGME produced those documents as ACGME001-ACGME0012. See, email of September 29, 2017 to Mr. Downey (Exhibit 4 to Defendant's Memorandum).

[2] ACGME had policies relating to "complaints" and to "concerns."

The ACGME has two mechanisms for individuals and/or groups to raise issues related to programs or sponsoring institutions: submission of complaints, and reporting of concerns. The ACGME addresses issues related to compliance with accreditation standards of programs and sponsoring institutions through its complaint process. In addition, individuals may raise issues that may not rise to the level of non-compliance with ACGME standards through the ACGME concerns process.

Individuals with issues regarding the performance of residency programs or sponsors initiate the process of investigation of their issues by contacting the ACGME's Office of Resident Services. A mutually agreeable path of filing a formal complaint or use of the less formal concern process will be determined through discussion between the individual(s) and the Office of Resident Services.

The ACGME requires that sponsoring institutions and programs provide an educational and work environment in which residents may raise and resolve issues without fear of intimidation or retaliation. Sponsoring institutions and their programs that are accredited by the ACGME are expected to comply with the ACGME's Institutional and Program Requirements. The ACGME and its Review Committees address only matters regarding compliance with ACGME accreditation requirements. The ACGME will investigate potential non-compliance with accreditation standards that relate to program quality. The ACGME does not adjudicate disputes between individual persons and residency programs or sponsoring institutions regarding

Like most educational accrediting agencies, ACGME maintains and follows policies addressing receipt of complaints relating to accredited programs, submitting the complaint to the accredited program, requesting a response to the complaint from the program, and ultimately determining whether the substance of the complaint requires a change in the accreditation status of the program.[4][5]  The October 11, 2016 letter was submitted as part of that complaint process.

Per Sections 7.40[6] and 23.11[7] of its policies, the October 11, 2016 letter and the identity of the complainant are maintained as confidential by ACGME.

---

matters of admission, appointment, contract, credit, discrimination, promotion, or dismissal of faculty, residents, or fellows.
Section 23.10, *ACGME Policies and Procedures (Effective June 13, 2015)*.  It is relatively common for ACGME to receive information from individuals, after which discussion ensues as to what course the person wishes to follow, i.e., complaint or concern.  Sometimes, as in this case, a resulting "complaint" takes the form of a letter to the accredited program.

[3] In this document, references are made to ACGME policies effective June 13, 2015 through September 22, 2017. ACGME policies currently in effect are available to the public in the ACGME website, www.acgme.org.

[4] Section 23.10, *ACGME Policies and Procedures (Effective June 13, 2015)* – see, footnote 1.

[5] Section 23.13, *ACGME Policies and Procedures (Effective June 13, 2015)*
Submission of Complaints
Anyone having evidence of non-compliance with accreditation standards by a program or institution may submit a complaint to the ACGME. Such complaints must be submitted in writing and bear the name and address of the complainant(s). However, before a complaint is submitted, the complainant should utilize all of the resources available in the program and sponsoring institution unless there is a valid reason for not doing so. Allegations of non-compliance that occurred prior to the current and preceding residency year should not be submitted.

[6] Section 7.40, *ACGME Policies and Procedures (Effective June 13, 2015)*
Confidentiality
The ACGME recognizes that adherence to confidentiality of the information acquired during the accreditation process is vital to its operation. Intrinsic to accreditation is the promotion of candor within its process, which may include constructive criticism that leads to improvement in the educational quality of a program or institution. Maintaining confidentiality within the accreditation process promotes this candor. Confidentiality means that the ACGME and its committees will not disclose the documents listed in this Section nor the information contained therein, except as required for ACGME accreditation purposes, as may be required legally, or as provided in Section 7.41. In order to meet the requirement of confidentiality, the ACGME holds as confidential the following documents and the information contained therein:
a. institutional and program files, including without limitation: institutional review and clinical learning environment review information; program information; program and institution accreditation history; site visit reports; progress reports; Case Log data; survey data; and records of committee consideration;
b. appeals files;
c. additional documents and correspondence recording accreditation actions and consideration thereof by the ACGME; and,
d. personal resident physician information, and protected health information submitted to the ACGME.
A breach of confidentiality could result in irreparable damage to the Review Committees, the ACGME and its mission, and the public, and may result in removal of a director, committee member, or ACGME employee.

[7] Section 23.11, *ACGME Policies and Procedures (Effective June 13, 2015)*

As the complainant did not waive his/her right to confidentiality, ACGME did not reveal his/her identity to Temple University Hospital in the letter.[8]  Pursuant to its complaint policy,[9] ACGME submitted the substance of the complaint to Temple University Hospital (as opposed to the underlying information and documents received by ACGME from the complainant) without revealing the identity of the complainant to Temple University Hospital.

ACGME does not know if either Temple University Hospital or plaintiff knows the identity of the complainant.

**ACGME Letter Response to Subpoena**

In its letter of August 29, 2017 to plaintiff's counsel, ACGME stated (among other things) that Rule 45 requires plaintiff to seek from defendant Temple University Hospital any of the same documents that it is seeking through subpoena from ACGME.

After service of the second subpoena, and on suggestion of ACGME, plaintiff apparently began to pursue discovery of duplicate documents from defendant Temple University Hospital. See, Exhibit 4 to Defendant's Memorandum.  However, notwithstanding his attempt to obtain these documents from the defendant, plaintiff continued to seek production from ACGME per the second subpoena.  See, Exhibit 5 to Defendant's Memorandum.  Plaintiff has not filed a motion to compel production under Rule 45(d)(2)(B)(i) in the United States District Court for the Northern District of Illinois (Chicago, Illinois).

---

Confidentiality of Individuals
The ACGME will take steps to keep the identity of any individual(s) reporting potential non-compliance with requirements confidential, except when a complainant specifically waives the right to confidentiality. However, if a complaint alleges failure of a program or institution to provide due process, the identity of the complainant may be disclosed when a response to the allegation is requested from the program director or institutional official. In addition, there may be the rare occurrence when the identity of the complainant may be disclosed as necessary for the ACGME to provide due process to a program or institution appealing an adverse accreditation action.

[8] In contrast, plaintiff did waive his right to confidentiality by issuing the initial subpoena, pursuant to which ACGME produced to defendants the complaint documents submitted to ACGME by plaintiff.

[9] Section 23.11, *ACGME Policies and Procedures.*

**Motion to Quash – Rule 26**

The Motion to Quash was filed in this Court where the action is pending rather than in the Court for the district where compliance with the subpoena is required (United States District Court for the Northern District of Illinois), as required by Rule 45(d)(3)(A).

ACGME suggests that this Court treat the Motion to Quash as a motion of defendant Temple University Hospital for a protective order under Rule 26(c) relating to the October 11, 2016 letter which was sent by ACGME to defendant, and which defendant likely possesses. The second subpoena has no time limitation for the requested discovery, and defendant Temple University Hospital asserts that 2016 documents are outside the temporal bounds of discovery in this action. ACGME has no position on these temporal bounds.

Considering the motion as a Rule 26 motion for a protective order would result in a determination of the temporal bounds of discovery in this action by the Court in which the action is pending, and which has familiarity with the subject matter and proceedings of the action, including prior rulings, as well as with any state law that might be implicated in the action.

If the Court rules that the October 11, 2016 letter is outside the temporal bounds of discovery or otherwise not discoverable in this matter, that should end any obligations that ACGME may have under the second subpoena. If the Court rules that the October 11, 2016 letter is within the bounds of discovery in this matter, the document can be obtained from Temple University Hospital, and that should end any obligations that ACGME may have under the second subpoena.

**Motion to Quash – Rule 45**

If the Court should decide to consider the Motion to Quash substantively under Rule 45, that motion should be granted because any attempt at enforcement of the subpoena by plaintiff under Rule 45 would be premature. Insofar as the subpoena seeks documents also in possession

of defendant Temple University Hospital, Rule 45(d)(1)[10] requires plaintiff to seek production of

those documents from the defendant (including plaintiff's moving this Court for production

under Rule 37(a)) before burdening a non-party to the litigation with proceedings and potential

production relating to a subpoena for same.  Plaintiff's failure to do so constitutes an undue

burden on non-party ACGME under Rule 45(d)(1).

> Because Langford has not shown that he exhausted his efforts to seek production of these
> materials from the defendant, the subpoena executed upon Gallup is quashed.  (footnote
> omitted)  See, e.g., *Echostar Commc'n Corp. v. New Corp. Ltd.*, 180 F.R.D. 391, 395 (D.
> Colo. 1998) (finding that the plaintiff failed to demonstrate any need for the information
> sought by subpoena from nonparties, that such materials were readily available from the
> defendant, and that plaintiff could not begin to argue a "substantial need" for such
> documents until it exhausted its efforts to seek production of those materials from the
> defendant).

*Langford v. Alegent Health*, 2010 WL 2732876 (D. Neb. July 8, 2010).

> If the material sought by subpoena is readily available…from a party to the action,
> obtaining it through subpoena on a nonparty will often create undue burden.

Moore's Federal Practice § 45.32 (Third Ed.).

If the Court should decide to consider the Motion to Quash substantively under Rule 45,

the motion should be granted for failure of plaintiff to seek duplicative documents from

defendant Temple University Hospital by moving the Court under Rule 37(a) in the pending

action before burdening non-party ACGME as described above.

WHEREFORE, Subpoena-Respondent Accreditation Council for Graduate Medical

Education respectfully requests that the Court treat Temple University Hospital's Motion to

---

[10] Rule 45(d)(1), F.R.Civ.P.
   (d) Protecting a Person Subject to a Subpoena; Enforcement.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving
   a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to
   the subpoena.  The court for the district where compliance is required must enforce this duty and impose an
   appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or
   attorney who fails to comply.

Quash as a Motion for Protective Order under Rule 26(c) or, alternatively, grant defendant's

Motion to Quash under Rule 45 (d)(1).

By: /s/ Stephen J. Imbriglia
Stephen J. Imbriglia
**Gibbons P.C.**
One Logan Square
130 North 18th Street
Suite 1210
Philadelphia, PA 19103
(215) 446-6209
simbriglia@gibbonslaw.com

*Attorneys for Subpoena-Respondent*
*Accreditation Council for*
*Graduate Medical Education*

Douglas Carlson
**Douglas Carlson LLC**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
Carlson@dougcarlsonlaw.com
(Admitted *pro hac vice*)

*Counsel for Subpoena-Respondent*
*Accreditation Council for Graduate*
*Medical Education*

Dated:  November 21, 2017

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Rao S. Mandalapu, M.D. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2-15-cv-05977-JP |
| Temple University Hospital, Inc. et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Accreditation Council on Graduate Medical Education
Attn: Louise King, MS, Executive Director
Residency Review Committee for Urology515 N. State St, Ste. 2000, Chicago, IL 60654
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE DOCUMENT REQUEST ATTACHED HERETO.

| Place: LaSalle Process Servers, LP 105 W. Madison Steet, Ste. 1306 Chicago, IL 60602 | Date and Time: October 1, 2017 5:00p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/01/2017

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, Rao S. Mandalapu, M.D. _____, who issues or requests this subpoena, are:
Mark D. Downey, 1910 Pacific Ave, Ste 15650, Dallas, TX 75201, mdowney@hakilp.com (214) 764-7279

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE "A"

## DEFINITIONS

1.      <u>Document(s)</u>.  The terms "document" or "documents" shall mean any written, recorded, filmed, electronically stored information, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including, but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in your possession, custody, or control, or in the possession, custody, or control of its present or former agents, representatives, or attorneys, or any and all persons acting on its behalf, including documents at any time in the possession, custody, or control of such individuals or entities or known by you to exist. Examples include, but are not limited to, computer disks, audiotapes, videotapes, memoranda, minutes, records, photographs, videotapes, floppy disks, compact disks, facsimiles, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, electronic mail, business cards, and work papers. Without limitation of the term "control" as used above, a document is deemed to be in your control if it has the right to secure the document or a copy thereof from another person, or public or private entity that has actual possession thereof.

2.      <u>Mandalapu</u>.  The term "Mandalapu" refers to Plaintiff Rao S. Mandalapu, M.D., date of birth 04/18/1965.

3.    <u>Temple University Hospital</u>.  The term "Temple University Hospital" refers to Temple University Hospital, and all other affiliates, parent corporations, subsidiaries, executors, and assigns of Temple University Hospital.

## DOCUMENTS REQUESTED

1.    Any and all the complaints, against the Temple University Hospital urology residency program and/or Dr. Jack H. Mydlo, Dr. Richard E. Greenburg, Dr. David Y.T. Chen, regarding discrimination, retaliation or harassment by any resident or participant in a residency program conducted by Temple University Hospital.

Case 2:15-cv-05977-JP   Document 56-1   Filed 11/06/17   Page 14 of 32

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2-15-cv-05977-JP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

**Douglas Carlson LLC**
**Attorney**
**330 North Wabash, Suite 3300**
**Chicago, Illinois 60611**

August 29, 2017

<u>**VIA ELECTRONIC MAIL**</u>

Mr. Mark D. Downey
1910 Pacific Avenue, Suite 15650
Dallas, Texas 75201

> Re:   *Mandalapu v. Temple University Hospital, Inc., et al.*, United States District
> Court for the Eastern District of Pennsylvania, Civil Action No. 2-15-cv-
> 05977-JP
> Subpoena on Accreditation Council for Graduate Medical Education

Mr. Downey:

On or about August 14, 2017, the Accreditation Council for Graduate Medical Education (ACGME) received at its headquarters in Chicago, Illinois (401 North Michigan Avenue, Suite 2000), a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action in the above captioned matter, returnable on September 1, 2017 at 5:00 pm at LaSalle Process Servers, LP, 105 W. Madison Street, Suite 1306, Chicago, Illinois 60602.  The subpoena was issued by plaintiff in the above captioned matter.

The subpoena is addressed to "Accreditation Council on Graduate Medical Education, Attn: Louise King, MS, Executive Director, Residency Review Committee for Urology, 515 N. State St., Ste. 2000, Chicago, IL 60654.  According to the subpoena, the time period is unlimited.

ACGME is not a party to the lawsuit underlying the subpoena.  This letter of written objection to the subpoena is sent to you pursuant to Rule 45(c)(2)(B), Federal Rules of Civil Procedure.

ACGME is a not for profit corporation organized under the laws of the State of Illinois, and it is headquartered in Chicago, Illinois.  According to the ACGME *2015/2016 Data Resource Book*, ACGME accredits 9,977 programs in graduate medical education in the United States, its territories and possessions. These include the "Temple University Hospital Program" (ACGME Program No. 4804121132) sponsored by the Lewis Katz School of

August 29, 2017

Medicine at Temple University, the current program director of which is Jack H. Mydlo, MD, according to information submitted to ACGME by the program.

Documents within the scope of the subpoena are
(a) documents submitted by the plaintiff to ACGME or submitted by ACGME to plaintiff relating to complaints by plaintiff against the Temple residency program;
(b) documents internal to ACGME relating to plaintiff's complaints against the Temple residency program (including attorney-client privileged documents);
(c) electronic case log data submitted to ACGME by plaintiff while a resident physician in the Temple residency program;
(d) electronic case log data submitted by plaintiff to ACGME while a resident physician in an Ohio residency program;
(e) electronic resident survey responses submitted by plaintiff (ACGME could not identify any response as attributable to plaintiff); and
(f) an electronic record addressing the status of plaintiff in the Temple residency program and submitted to ACGME by the Temple residency program.

1.     ACGME objects to the subpoena because compliance with the subpoena would subject ACGME to undue burden in violation of Rule 45(c)(1), particularly insofar as the plaintiff, who issued the subpoena, or Temple University Hospital and/or Dr. Mydlo, parties to the underlying lawsuit, likely have, or have access to, most of the same documents in the possession of ACGME (plaintiff – (a) above; Temple University Hospital and/or Dr. Mydlo – (c), (d), and (f) above). See, Rules 45(c)(1) and 26(b)(2)(C), Federal Rules of Civil Procedure. "If the material sought by subpoena is readily available . . . from a party to the action, obtaining it through subpoena on a nonparty will often create undue burden." Moore's Federal Practice § 45.32 (Third Ed.).

2.     ACGME objects to the subpoena because compliance with the subpoena would subject ACGME to undue burden or cost in violation of Rules 45(c)(1) and 26(b)(2)(B), particularly insofar as requested information includes electronically stored information, on backup media or otherwise, and not reasonably accessible because of undue burden or cost.  See, Rules 45(c)(1) and 26(b)(2)(B), Federal Rules of Civil Procedure.

3.     ACGME objects to the subpoena because it requests information not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence, in violation of Rule 26(b)(1).  See, Rule 26(b)(1), Federal Rules of Civil Procedure

4.     ACGME objects to the subpoena because it "requires disclosure of privileged or other protected matter" in violation of Rule 45(c)(3)(A)(iii).  ACGME maintains the information within the scope of the subpoena as confidential, and it objects to producing documents responsive to the subpoena and maintained as confidential because the documents are

(a)     privileged under Rule 501 of the Federal Rules of Evidence;

Case 2:15-cv-05977-JP   Document 56-1   Filed 11/06/17   Page 19 of 32
August 29, 2017

     (b)     privileged under the civil and criminal non-disclosure provisions of the Illinois peer review/quality assurance statute, 735 ILCS 5/8-2101 et seq.; *Niven v. Siquiera*, 109 Ill. 2d 357 (1995);

     (c)     privileged under the federal common law doctrine of self-critical analysis;

     (d)     maintained as confidential under the ACGME confidentiality policy;

     (e)     attorney-client privileged; and

     (f)     maintained as confidential under HIPAA (case logs).

See, Rule 45(c)(3)(A)(iii), Federal Rules of Civil Procedure.

Moreover, protecting these documents from disclosure promotes and facilitates the effectiveness of residency program accreditation, which in turn improves (1) the quality of resident physician education, (2) the quality of care rendered to patients by resident physicians, and (3) the quality of care rendered by resident physicians upon completion of the residency program.

Rule 501 of the Federal Rules of Evidence permits a federal court to recognize privileges under "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The United States Supreme Court has stated that an evidentiary privilege should not be recognized or applied unless it "promotes sufficiently important interests to outweigh the need for probative evidence." *Jaffee v. Redmond*, 518 U.S. 1 (1996), citing *Trammel v. United States*, 445 U.S. 40 (1980).

The recognition and application of the privilege protecting documents created and maintained during the ACGME accreditation process would, in fact, promote sufficiently important interests to outweigh the need for probative evidence.

Intrinsic to private accreditation is the promotion of candor within its process, which includes constructive criticism that leads to improvement in the educational quality of a residency program. Maintaining confidentiality within the accreditation process promotes candor. Personnel within residency programs are more forthright and candid because they trust (a) that the information they disclose to ACGME during the accreditation process will be used solely within that process and will not be otherwise disclosed, and (b) that the candid evaluation sent by ACGME to the residency program for the purpose of fostering improvement in the program will also not be disclosed outside the process. For the same reasons, complainants are more forthright and candid.

As a non-government entity, ACGME has no power to compel residency programs seeking accreditation to submit complete and accurate information, but must rely on programs that apply for accreditation to provide information willingly. Assurance of confidentiality allows programs and others to provide sensitive and sometimes proprietary information without fear that it will be disclosed outside the accreditation process.

Disclosure of accreditation records outside the accreditation process would have a "chilling effect" on ACGME's ability to receive full and frank information and would ultimately reduce confidence in the quality assurance aspect of accreditation. Lack of access

3

August 29, 2017

to full information (because it is not protected and confidential) would hinder the ability of ACGME to do its job, which is to foster the provision of physician training consistent with national standards.

The public relies on ACGME accreditation decisions and the ability of ACGME to make those decisions.  For example,

- By law, virtually all state medical licensing agencies (a) maintain as a condition of physician licensure the completion of one or more years in a  residency program that is accredited by ACGME, and (b) grant training licenses to resident physicians who are participating in residency programs that are accredited by the ACGME, and who have not yet attained full medical licensure.

- By law, the Centers for Medicare & Medicaid Services makes Medicare graduate medical education payments to institutions sponsoring residency programs that are accredited by ACGME.

- The Educational Commission for Foreign Medical Graduates is authorized by the United States Department of State to sponsor foreign national physicians as Exchange Visitors in ACGME accredited residency programs.

- By law, many states and other government entities require completion of one or more years of training in a residency program that is accredited by ACGME for eligibility to serve in government or state regulated positions,  i.e. county medical examiner, etc.

- Many professional medical certification organizations require completion  of a residency program accredited by ACGME as one qualification for  certification.

- Many hospitals use the completion of all or part of a residency program accredited by ACGME as one prerequisite to the grant of hospital privileges.

All of this evidences an overwhelming public interest in providing residency program sponsors, complainants and ACGME with the necessary confidential context in which to evaluate the quality of clinical training programs for our nation's physicians.

ACGME's confining its use and disclosure of the requested documents within its accreditation process is intrinsic to that process and necessary to the maintenance of the accreditation function of ACGME.

5.     ACGME objects to the subpoena because compliance with the subpoena would subject ACGME to undue burden in violation of Rule 45(c)(1), particularly insofar as,

(a)     the parties to the underlying lawsuit likely have most of the same responsive documents in the possession of ACGME;

(b)     requested information includes electronically stored information, on backup media or otherwise, and not reasonably accessible because of undue burden or cost;

4

August 29, 2017

    (c)      requested information is privileged and confidential

    (d)      requested information (case logs) is maintained as confidential under HIPAA;

    (e)      protecting the privileged and confidential documents from disclosure promotes and facilitates the effectiveness of residency program accreditation, which in turn improves (i) the quality of resident physician education, (ii) the quality of care rendered to patients by resident physicians, and (iii) the quality of care rendered by resident physicians upon completion of the residency program;

    (f)      disclosure of the privileges and confidential accreditation records outside the accreditation process would have a "chilling effect" on ACGME's ability to receive full and frank information and would ultimately reduce confidence in the quality assurance aspect of accreditation; and

    (g)      lack of access to full information (because it is not protected and confidential) would hinder the ability of ACGME to do its job, which is to foster the provision of physician training consistent with national standards.

See, Rules 45(c)(1) and 26(b)(2)(C), Federal Rules of Civil Procedure. See also, *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004).

    6.      The subpoena is issued by the plaintiff in the underlying lawsuit. ACGME possesses documents submitted by plaintiff to ACGME and by ACGME to plaintiff. If plaintiff does not already possess these documents, ACGME will produce these to plaintiff and to the parties to the underlying lawsuit, as ACGME will consider plaintiff's issuance of a subpoena as his waiver to produce these documents to the other parties to the lawsuit.

    I am available to discuss this subpoena at your convenience.

                    Very truly yours,

                    Douglas Carlson

                    Douglas Carlson LLC
                    Counsel for ACGME

# EXHIBIT 3

# Hughes · Arrell · Kinchen · LLP

### ATTORNEYS AT LAW

Houston Office
1221 McKINNEY, SUITE 3150
HOUSTON, TEXAS 77010

Dallas Office
1910 PACIFIC AVE, SUITE 15650
DALLAS, TEXAS 75201

mdowney@hakllp.com

DIRECT PHONE: (214) 764-7279
FACSIMILE: (713) 942-2266

September 1, 2017

*Via Email:*
carlson@douglascarlsonlaw.com
Douglas R. Carlson
225 West Wacker Dr., Suite 3000
Chicago, IL 60606

Re:     Civil Action No. 2:15-cv-05977-JP; *Rao S. Mandalapu, M.D. v. Temple University Hospital, Inc. et al.*

Dear Mr. Carlson,

We are withdrawing the subpoena issued and served on August 11, 2017. I did not review closely enough the requested documents and failed to notice that the request was not changed to what it should have requested, which should have been:

"Any and all the complaints, against the Temple University Hospital urology residency program and/or Dr. Jack H. Mydlo, Dr. Richard E. Greenburg, Dr. David Y.T. Chen, regarding discrimination, retaliation or harassment by any resident or participant in a residency program conducted by Temple University Hospital."

I would like to issue a new subpoena to the ACGME to reflect this corrected request.

Yours Truly,

HUGHES ARRELL KINCHEN, LLP

Mark Downey

Cc:     Michael Fortunato (*via email*)

# EXHIBIT 4

-------- Original message --------
From: Doug Carlson <carlson@dougcarlsonlaw.com>
Date: 9/29/17 12:46 PM (GMT-07:00)
To: Mark Downey <mdowney@hakllp.com>
Cc: "'JRoberts@rubinfortunato.com'" <JRoberts@rubinfortunato.com>
Subject: Mandalapu Subpoena -

Mr. Downey,

Per our telephone discussion of Tuesday of this week, attached are ACGME001 – ACGME012 in partial response to your subpoena.

Also per our discussion, ACGME received a complaint in 2016 from someone other than Dr. Mandalapu. Temple University Hospital, a defendant in the underlying action, should have materials relating to the complaint. During our discussion, I suggested that Rule 45, F.R.Civ.P. requires you to seek these materials from Temple University Hospital before burdening a third party subpoena respondent (ACGME) with a subpoena response. I understand that you are going to do that, and that you may or may not return to ACGME.

Although we did not discuss this, it is my understanding that objections raised by ACGME in its letter response to your withdrawn subpoena remain applicable to the current subpoena, should you in fact return to ACGME.

Douglas Carlson

# EXHIBIT 5

**Roberts, Jason K.**

| | |
|---|---|
| **From:** | Mark Downey <mdowney@hakllp.com> |
| **Sent:** | Wednesday, October 25, 2017 5:18 PM |
| **To:** | Doug Carlson |
| **Cc:** | Roberts, Jason K. |
| **Subject:** | Re: Mandalapu Subpoena - |

Mr Carlson

We are going to need to get documents regarding the other complaint against Temple from you per our subpoena.

Please provide at your earliest convenience.

Thank you.

# MARK D. DOWNEY
## Board Certified in Labor & Employment Law
## By the Texas Board of Legal Specialization

# HUGHES ARRELL KINCHEN, LLP

Direct:  (214) 764-7279

Mobile: (214) 912-6746

Firm:   (713) 942-2255

-------- Original message --------
From: Doug Carlson <carlson@dougcarlsonlaw.com>
Date: 9/29/17 12:46 PM (GMT-07:00)
To: Mark Downey <mdowney@hakllp.com>
Cc: "'JRoberts@rubinfortunato.com'" <JRoberts@rubinfortunato.com>
Subject: Mandalapu Subpoena -

Mr. Downey,

Per our telephone discussion of Tuesday of this week, attached are ACGME001 – ACGME012 in partial response to your subpoena.

Also per our discussion, ACGME received a complaint in 2016 from someone other than Dr.
Mandalapu.  Temple University Hospital, a defendant in the underlying action, should have materials relating to
the complaint.  During our discussion, I suggested that Rule 45, F.R.Civ.P. requires you to seek these materials
from Temple University Hospital before burdening a third party subpoena respondent (ACGME) with a
subpoena response.  I understand that you are going to do that, and that you may or may not return to ACGME.

Although we did not discuss this, it is my understanding that objections raised by ACGME in its letter response
to your withdrawn subpoena remain applicable to the current subpoena, should you in fact return to ACGME.

Douglas Carlson

# EXHIBIT 6

## Roberts, Jason K.

**From:** Roberts, Jason K.
**Sent:** Wednesday, October 25, 2017 5:39 PM
**To:** 'Mark Downey'; Doug Carlson
**Cc:** Fortunato, Michael J.
**Subject:** RE: Mandalapu Subpoena -

Mark –

We are going to object to the relevancy of a 2016 complaint given that Dr. Mandalapu had been out of the program for 4 years at that point.  Our discovery responses covered around the time Dr. Mandalapu was at Temple.

I am available to discuss.

Jason

Jason K. Roberts | Shareholder
Office: 610-408-2056 | Mobile: 862-207-1221
10 South Leopard Road | Paoli, PA 19301
JRoberts@rubinfortunato.com | www.RubinFortunato.com

## RubinFortunato

Rubin, Fortunato & Harbison P.C. intends that this electronic message be used exclusively by the individual or entity to which it is addressed. This message may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, be aware that any disclosure, dissemination, distribution, or copying of this communication, or the use of its contents, is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (610) 408-2000 and delete the original message from your email system.

**From:** Mark Downey [mailto:mdowney@hakllp.com]
**Sent:** Wednesday, October 25, 2017 5:18 PM
**To:** Doug Carlson <carlson@dougcarlsonlaw.com>
**Cc:** Roberts, Jason K. <JRoberts@rubinfortunato.com>
**Subject:** Re: Mandalapu Subpoena -

Mr Carlson

We are going to need to get documents regarding the other complaint against Temple from you per our subpoena.

Please provide at your earliest convenience.

Thank you.

1

**MARK D. DOWNEY**
Board Certified in Labor & Employment Law
By the Texas Board of Legal Specialization


**HUGHES ARRELL KINCHEN, LLP**


Direct:  <u>(214) 764-7279</u>

Mobile: <u>(214) 912-6746</u>

Firm:   <u>(713) 942-2255</u>

-------- Original message --------
From: Doug Carlson <<u>carlson@dougcarlsonlaw.com</u>>
Date: 9/29/17 12:46 PM (GMT-07:00)
To: Mark Downey <<u>mdowney@hakllp.com</u>>
Cc: "JRoberts@rubinfortunato.com"' <<u>JRoberts@rubinfortunato.com</u>>
Subject: Mandalapu Subpoena -


Mr. Downey,

Per our telephone discussion of Tuesday of this week, attached are ACGME001 – ACGME012 in partial
response to your subpoena.

Also per our discussion, ACGME received a complaint in 2016 from someone other than Dr.
Mandalapu.  Temple University Hospital, a defendant in the underlying action, should have materials relating to
the complaint.  During our discussion, I suggested that Rule 45, F.R.Civ.P. requires you to seek these materials
from Temple University Hospital before burdening a third party subpoena respondent (ACGME) with a
subpoena response.  I understand that you are going to do that, and that you may or may not return to ACGME.

Although we did not discuss this, it is my understanding that objections raised by ACGME in its letter response
to your withdrawn subpoena remain applicable to the current subpoena, should you in fact return to ACGME.

Douglas Carlson

## CERTIFICATE OF SERVICE

I certify that on November 21, 2017, the foregoing Memorandum of Subpoena-

Respondent Accreditation Council for Graduate Medical Education in Response to Defendant's

Motion to Quash was electronically filed with the Court and served upon the following via the

Court's electronic filing system and overnight mail:

Michael J. Fortunato, Esquire
Rubin Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, PA   19301
Tel. (610) 908-2005
Fax (610) 854-0392
*Attorneys for Defendants*

Kenneth J. Zoldan, Esquire
Zoldan Associates, LLC
Two Bala Plaza, Suite 300
Bala Cynwyd, PA   19004
Tel: (610) 660-7828
Eamil: kz@zoldanassociates.com
*Attorney for Plaintiff*

Mark D. Downey, Esquire
Hughes Arrell Kinchen LLOP
1910 Pacific Avenue, Suite 15650
Dallas, TX   75201
Tel: (214) 764-7279
Email: mdowney@hakllp.com
*Attorney for Plaintiff*

GIBBONS P.C.


By: */s/ Stephen J. Imbriglia*
Stephen J. Imbriglia
